People v Muhammad (2023 NY Slip Op 05994)

People v Muhammad

2023 NY Slip Op 05994

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Ind No. 1220/15 Appeal No. 1061 Case No. 2022-01173 

[*1]The People of the State of New York, Respondent,
v
Zhakariyya Muhammad, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about March 10, 2022, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The SORA Board issued a risk assessment instrument (RAI) assessing defendant 60 points, making him a presumptive level one offender. However, the SORA hearing court, having also presided over defendant's trial and finding the victim's testimony credible, properly determined that the testimony provided the requisite clear and convincing evidence for the assessment of 25 points under risk factor 2 (sexual contact with victim), and 20 points under risk factor 4 (duration of offense conduct with victim). The acquittal of the predatory sexual assault charges at defendant's criminal trial did not foreclose the SORA court from finding that defendant committed the acts by clear and convincing evidence (see People v Britton, 31 NY3d 1019, 1020 [2018]). The testimony established that defendant engaged in sexual intercourse and oral sexual conduct with the victim. It also established that defendant engaged in a continuing course of sexual misconduct by having subjected the victim to "two or more acts of sexual contact [that were] separated in time by at least 24 hours" and, alternatively, "three or more acts of sexual contact over a period of at least two weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]).
The court further providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant, including his familial support, minimal criminal history, and educational, vocational and employment accomplishments while incarcerated, were adequately taken into account by the RAI, or were not shown to reduce defendant's risk of reoffense (see People v Sadagheh, 214 AD3d 566, 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). In any event, the mitigating factors were outweighed by the seriousness of the underlying crime, which involved sexual abuse of a young child.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023